O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No.(CR 08-00755 DDP) |
|---|---|
| Plaintiff, | ) CV 10-07903 DDP ✓ |
| v. | ) **ORDER DENYING MOTION FOR RELIEF** |
|  | ) **UNDER 28 U.S.C. § 2255** |
| JOEL JARENO LEUS, | ) |
| Defendant. | ) (DOCKET NUMBER 1) |

This matter comes before the court on Petitioner Joel Jareno Leus ("Petitioner")'s Motion to Vacate, Set Aside, or Correct Sentence ("Petitioner's Motion") pursuant to 28 U.S.C. § 2255. Having reviewed the materials submitted by the parties and considered the arguments advanced therein, the Court DENIES Petitioner's § 2255 motion.

**I.    BACKGROUND**

On May 22, 2009, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Petitioner pleaded guilty to possession of child pornography, a violation of 18 U.S.C. § 2252A (a)(5)(B) ("§ 2252A"). On October 5, 2009, Petitioner was

///

sentenced to 84 months' imprisonment. (Government's Opposition to Petitioner's Motion ("Opp'n")at 2.)

Petitioner was originally indicted for a different offense: using the internet to attempt to induce, entice, or coerce a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). Petitioner's counsel, Kerry Bensinger ("Counsel"), filed pre-trial motions to (1) suppress evidence due to violations of the Fourth and Fifth Amendment, and (2) dismiss the indictment. (CR Dkt. Nos. 24, 25.) At a hearing held on May 11, 2009, this court indicated that it was inclined to deny the motion to suppress and to grant the motion to dismiss. In response, the government charged Petitioner with one count of possession of child pornography in violation of § 2252A, to which Petitioner would ultimately plead guilty. (Dkt. No. 42.) Petitioner's Counsel and the government then proceeded to negotiate the plea agreement that Petitioner would later accept. (Opp'n, Ex. C at 2-3.)

During plea proceedings, Petitioner agreed to the government's Offer of Proof stating that Petitioner knowingly possessed at least 600 pictures of child pornography and gained possession of these pictures through interstate or foreign commerce by computer. (Opp'n, Ex. A, 5/22/09 RT: 17-18.) Petitioner waived his right to appeal any sentence imposed by the court and the right to collaterally attack the conviction or sentence, unless such attack was based on an ineffective assistance of counsel claim. (Opp'n, Ex. A, 5/22/09 RT: 13-14.) Petitioner indicated that he understood these rights, and was informed that such waivers are generally enforceable in court. (Id.) Petitioner further acknowledged that he reviewed the plea agreement with Counsel, that his signature,

2

binding him to the plea agreement, was voluntary and free, and that he had not been coerced to plead guilty. (Opp'n, Ex. A, 5/22/09 RT: 4, 12, 15.)

Petitioner's instant motion claims ineffective assistance of counsel based on Counsel's alleged (1) failure to raise the unconstitutionality of the search and seizure of evidence and of Petitioner's arrest, (2) failure to allow Petitioner reasonable time to review and research the plea agreement, and use of coercion and threats to obtain Petitioner's waiver of his rights, and (3) "highly discouraging" advice that Petitioner not file a Notice of Appeal.  (Mot. at 5-6).

Petitioner's motion also challenges his conviction on the basis of (1) 4th Amendment violations and (2) "the unconstitutional failure of the prosecution to disclose information and/or evidence favorable to the defendant.". (Id.)[1]

## II. LEGAL STANDARD

A defendant may be entitled to relief under Section 2255 if the sentence imposed: (1) violated the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255(a). If "the motion and the files and the records of the case conclusively

---

[1] In his supplemental briefs, Petitioner discusses additional claims not raised in his original Motion, including (1) the plea agreement did not comply with contract law; (2) the crime was not under interstate commerce; (3) he was subject to admiralty jurisdiction; and (4) the U.S. government committed fraud.  These claims are procedurally barred because Petitioner failed to raise them in his original motion and did not timely amend his motion. See e.g., Microsoft Corp. v. i4i Ltd. P'ship, 131 S. Ct. 2238, 2251 (2011); Delgadillo v. Woodford, 257 F.3d 919, 930 n.4, 997 (9th Cir. 2008).

1  show that the prisoner is entitled to no relief," a resolution may
2  be reached without an evidentiary hearing.  28 U.S.C. § 2255(b);
3  <u>United States v. Mejia-Mesa</u>, 153 F.3d 925, 931 (9th Cir. 1998)
4  (district court may deny a Section 2255 motion where movant's
5  allegations "are so palpably incredible or patently frivolous as to
6  warrant summary dismissal." (quotation and citation omitted)).
7  When a petitioner alleges ineffective assistance of counsel, an
8  evidentiary hearing is necessary only if, assuming the petitioner's
9  factual allegations as true, the ineffective assistance of counsel
10 claim could prevail.  <u>U.S. v. Blaylock</u>, 20 F.3d 1458, 1465 (9th
11 Cir. 1994).

**III. DISCUSSION**

    A.   Ineffective Assistance of Counsel

    Under the Sixth Amendment, all criminal defendants enjoy the right to effective assistance of counsel.  <u>Strickland v. Washington</u>, 466 U.S. 668, 686-700 (1984). In <u>Strickland</u>, the Supreme Court held that in order to show ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance was deficient and fell below an objective standard of reasonableness and (2) the defendant was prejudiced as a result and deprived of a fair trial.  <u>Id.</u> at 687.  This two-part standard applies to ineffective-assistance claims arising out of the plea process.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985); <u>Nunes v. Mueller</u>, 350 F.3d 1045, 1052 (9th Cir. 2003). In assessing counsel's performance, courts must presume that counsel's conduct and trial strategy "falls within the wide range of reasonable professional assistance . . . ." <u>Strickland</u>, 466 U.S. at 689.

1. Failure to Raise Constitutionality of the Arrest and the Search and Seizure of Evidence

Petitioner claims Counsel failed to raise the constitutionality of the search and seizure of the evidence and of Petitioner's arrest. Counsel did, however raise constitutional issues in two separate pre-trial motions: (1) the motion to suppress evidence and Petitioner's statements based on Fourth and Fifth amendment violations and (2) the motion to dismiss the indictment charging Petitioner with a violation of 18 U.S.C. § 2422(b). Indeed, counsel's attempts were largely successful, resulting in a lesser charge for a possession violation under § 2252A.

Furthermore, a knowing, voluntary, unconditional guilty plea serves as a waiver of the right to challenge any prior constitutional defects.[2] United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005). Once he has pled, a defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973).

2. Voluntariness and Validity of the Plea Agreement

Petitioner also argues that Counsel did not provide Petitioner enough time to review the plea agreement, and that Counsel coerced and threatened Petitioner into signing the agreement.[3] It is well

---

[2] The court addresses Petitioner's claim that ineffective assistance rendered his plea involuntary infra.

[3] Challenges to the validity of a plea agreement that are premised upon ineffective assistance of counsel may be brought on collateral review. Washington v. Lampert, 422 F.3d 864, 869-71 (9th Cir. 2005).

5

settled that the constitutionality of a guilty plea depends on "the extent it is voluntary and intelligent[ly] [made]." <u>Bousley v. United States</u>, 523 U.S. 614, 618 (1998)(citations omitted); <u>Brady v. United States</u>, 397 U.S. 742, 748, 750 (1970) (a guilty plea that is not the result of threats, force, or other promises is considered voluntarily made). If the "plea represents a voluntary and intelligent choice among the alternative courses of action open to the [Petitioner]," the guilty plea is valid. <u>Hill</u>, 474 U.S. at 56-57 (citations omitted).

Here, Petitioner's claim contradicts his words and conduct at the plea hearing. A defendant's plea colloquy is given great weight in determining whether the plea was voluntarily and knowingly made. See <u>United States v. Boniface</u>, 601 F.2d 390, 393 (1979); <u>Chizen v. Hunter</u>, 809 F.2d 560, 562 (9th Cir. 1986). The Petitioner acknowledged that he reviewed the plea agreement with Counsel, and confirmed that his decision to enter a guilty plea was considered, voluntary, and free from "any threats which [might] compel [him] to plead guilty." (Opp'n, Ex. A, 5/22/09 RT: 4, 12, 15, 20.)[4]

As to Petitioner's claim that Counsel threatened or coerced Petitioner into signing the agreement, there is no evidence to support this claim. The competence of Counsel's advice is presumed. <u>Strickland</u>, 466 U.S. at 689. Furthermore, Counsel

---

[4] There appears to be an error in the reporter's transcript, such that where the court asked Petitioner to answer whether he had sufficient time to think about and discuss the case with Counsel before coming to court, the transcript indicates that Counsel responded "yes" instead of Petitioner. (Opp'n, Ex. A, 5/22/09 RT: 20-21). That Petitioner, not Counsel, responded is clear from the context of the question and practice of this court. No party suggests otherwise.

6

confirms that he and Petitioner discussed the plea at length and reviewed the various possible resolutions of Petitioner's case before Petitioner signed the plea. While Counsel did encourage Petitioner to sign the plea, Counsel fully believed this was the best possible resolution given the facts of the case. (Opp'n, Ex. C at 3.) It appears clear that Petitioner's plea was voluntarily and knowingly made.

### 3. Counsel's Advice Regarding Notice of Appeal

Petitioner claims his Counsel "highly discouraged" him from filing a Notice of Appeal following Petitioner's acceptance of the plea agreement and entry of a guilty plea. (Mot. at 6.) As part of the plea agreement, Petitioner agreed to waive all claims on appeal, save those based on ineffective assistance of counsel. Waivers of the right to appeal are generally enforceable. United States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005); United States v. Michlin, 34 F.3d 896, 898 (9th Cir. 1994).

During the plea hearing, Petitioner was explicitly informed and acknowledged his understanding of the enforceability of appeal waivers. (Opp'n, Ex. A, 5/22/09 RT: 13-14.) Nevertheless, Petitioner subsequently expressed an interest in appealing his case. (Mot. at 5-6; Opp'n, Ex. B at 2-3.) Counsel does not dispute that he informed Petitioner that "it would be a bad idea" to file a Notice of Appeal. Counsel explained to Petitioner that filing a Notice of Appeal might constitute a breach of the binding plea agreement, which would likely result in a harsher sentence and could potentially expose Petitioner to further charges. (Opp'n, Ex. B at 2-3.) Apparently convinced by Counsel's explanation,

7

1 Petitioner did not direct Counsel to file a Notice of Appeal.
2 (Id.)
3 Counsel's competent advice falls well within the bounds of
4 reasonable professional assistance.  Because Petitioner cannot
5 satisfy the first prong of the Strickland test, his ineffective
6 assistance claim fails.

    B.   Remaining Claims

8     In addition to his ineffective assistance claims, Petitioner
9 argues that (1) his conviction resulted from evidence obtained in
10 violation of his Fourth and Fifth Amendment rights and (2) the
11 government has failed to disclose information and evidence crucial
12 to his case.  See Brady v. Maryland, 373 U.S. 83, 87 (1963).
13 As explained above, however, Petitioner waived his right to raise
14 these claims.  (Opp'n, Ex. A, 5/22/09 RT: 9.)

15     Even if Petitioner's claims were not precluded by the binding
16 plea agreement, he could not raise them in this Section 2255
17 motion.  Section 2255 "may not be invoked to relitigate questions
18 which were or should have been raised on a direct appeal . . . ."
19 United States v. Marchese, 341 F.2d 782, 789 (9th Cir. 1965).
20 Collateral attacks must meet a higher standard, and "may not do
21 service for an appeal." United States v. Frady, 456 U.S. 152, 162-
22 64 (1982).  Thus, "[w]here a defendant has procedurally defaulted a
23 claim by failing to raise it on direct review, the claim may be
24 raised in habeas only if the defendant can first demonstrate either
25 [1] 'cause' and actual 'prejudice,' or [2] that he is 'actually
26 innocent.'" Bousley, 523 U.S. at 622 (1998) (citations omitted).
27 Here, Petitioner does not argue, let alone demonstrate, that either
28 ///

of these exceptions rescue his otherwise procedurally barred claims.

**IV.  CONCLUSION**

For the reasons stated above, Petitioner's motion is DENIED. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the court DECLINES to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Dated: June 25, 2013

DEAN D. PREGERSON
United States District Judge